# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WILLIAM H. CLARK,

       Petitioner,   :       Case No. 3:25-cv-00002

  - vs -                       District Judge Thomas M. Rose
                               Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
  Institution,

                            :
       Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case, brought *pro se* by Petitioner William Clark to obtain relief from his conviction in the Darke County Court of Common Pleas on five counts of sexual battery (Petition, ECF No. 1). It is ripe for decision on the Petition, the State Court Record (ECF No. 11, 11-1), Respondent's Return of Writ (ECF No. 12), and Petitioner's Traverse (ECF No. 13).

The Magistrate Judge reference in the case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 14).

**Litigation History**

In November, 2014, a Darke County grand jury indicted Petitioner on eleven counts of rape of his minor stepdaughter (Indictment, ECF No. 11, Ex. 1). At arraignment, the trial court entered

1

a plea of not guilty for Petitioner because he had not yet had an opportunity to consult with an attorney. After appointment of counsel and plea negotiations, Petitioner entered a plea of guilty to five counts of sexual battery, pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970). Petitioner was sentenced to twenty-five years imprisonment and took no appeal.

In August, 2015, Petitioner filed a motion for new trial (Motion, State Court Record, ECF No. 11, Ex. 6). The Common Pleas Court denied the motion and Petitioner appealed to the Ohio Second District Court of Appeals. That court remanded for reconsideration of the new trial motion as if made under Ohio Revised Code § 2953.21. *State v. Clark*, 80 N.E.3d 1251 (Ohio App. 2d Dist. Jan 13, 2017)

On remand the trial court denied the petition for post-conviction relief (Judgment Entry, State Court Record ECF No. 11, Ex. 17). Petitioner again appealed and the Second District again affirmed. *State v. Clark,* 2018 WL 4850081 (Ohio App. 2d Dist. Oct. 5, 2018). Petitioner did not appeal to the Ohio Supreme Court, but filed a motion to withdraw his guilty plea in the Common Pleas Court June 15, 2020 (Motion, State Court Record, ECF No. 11, Ex. 25). That court denied relief and Petitioner again appealed. The Second District again affirmed and Petitioner did not appeal to the Ohio Supreme Court.

Instead, on January 5, 2024, Petitioner moved to set aside the judgment (Motion, State Court Record, ECF No. 11, Ex. 36). Judge Hein again denied relief. *Id.* at Ex. 39. Petitioner again appealed to the Second District and that court again affirmed. *State v. Clark*, 2024-Ohio-2646 (Ohio 2d Dist. Jul. 12, 2024). This time Petitioner did appeal to the Ohio Supreme Court, but that court declined to exercise jurisdiction. *State v. Clark*, 175 Ohio St. 3d 1486 (2024).

The Petition was docketed January 2, 2025, but Petitioner's Declaration asserts it was deposited in the prison mailing system on December 11, 2024 (ECF No. 1, PageID 15). Petitioner

2

pleads one ground for relief: equal protection and due process. As supporting facts, Petitioner states:

> In lieu of the Ohio Rules of Criminal Procedure which are intended for the just determination of ever criminal proceeding, the lower courts ignored the newly discovered evidence which supported the factual innocence in this case. Moreover, the sentences imposed do not fall within the statutory range as prescribed by the legislature.

(ECF No. 1, PageID 5).

# Analysis

Respondent asserts Petitioner's claims are barred by the one-year statute of limitations enacted in 28 U.S.C. § 2244 and by Petitioner's procedural defaults in presenting his claims to the Ohio state courts (Return of Writ, ECF No. 12).

**Statute of Limitations**

The relevant statute of limitations, 28 U.S.C. § 2244(d), provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right

3

>> has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner replies that Respondent has "droned on" about the 1,763 days since judgment when Petitioner has had nothing pending (Traverse, ECF No. 13, PageID 609).   Petitioner avers that this should show that the factual predicate had not yet been discovered, thereby presumably claiming the benefit of subsection (d)(1)(D).

As to his claim his guilty plea was coerced, the Magistrate Judge disagrees.  If Petitioner perceived he had been coerced by counsel into the plea agreement, he certainly knew that at the time he pleaded guilty and it could have been included in his direct appeal.  It was not.  As to that claim the statute must run from the date the conviction became final, thirty days after judgment was entered, March 15, 2015.

If Petitioner is claiming the statute runs from when he discovered the victim's supposed recantation, the Magistrate Judge also disagrees.  The victim's recantations are not the factual predicate of any claim made in the Petition.

> Congress did not define "factual predicate" as that term is used in § 2244(d)(1)(D). But courts generally agree that "a factual predicate" consists only of the 'vital facts' underlying the claim." *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012) (quoting *McAleese v. Brennan*, 483 F.3d 206, 214 (3d Cir. 2007)); *see also Smith v. Meko*, 709 F. App'x 341, 344 (6th Cir. 2017); *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1155 (11th Cir. 2014); *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000); *Flanagan*

4

> *v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998). A fact is "vital" if it is required for the habeas petition to overcome sua sponte dismissal. *Rivas*, 687 F.3d at 535.

*Ayers v. Ohio DRC*, 113 F.4th 665, 670 (6th Cir. 2024).

If Petitioner's claim is that he is actually innocent; he knew the factual predicate for that claim even before he was charged. Moreover, he does not make a claim of actual innocence in the Petition. Even if he had, the Supreme Court has never recognized actual innocence as a basis for habeas relief. *Herrera v. Collins*, 506 U.S. 390 (1993).

The Petition is barred by the statute of limitations and must be dismissed with prejudice on that basis.

**Procedural Default**

Before coming to federal court on a petition for writ of habeas corpus, a petitioner must have submitted his claims for a full round of state court proceedings. *O'Sullivan v. Boerckel,* 526 U.S. 838 (1999) . If he has not done so, his claims are procedurally defaulted unless he can show excusing cause and prejudice. *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977).

Respondent asserts Petitioner has procedurally defaulted most if not all of his claims by not taking them to the Ohio Supreme Court. Petitioner replies that he did appeal to the Ohio Supreme Court (Traverse, ECF No. 13, PageID 609). The State Court Record shows Petitioner only appealed once to the Ohio Supreme Court, to wit, an appeal from the Second District's affirmance of Judge Hein's denial of his motion to set aside the judgment (State Court Record, ECF No. 11, Ex. 46). In his Memorandum in Support of Jurisdiction, he only stated one proposition of law, to wit, that the lower courts had deprived him of equal protection and due

5

process (Memorandum, State Court Record, ECF No. 11, Ex. 47, PageID 510). While he recited minimal facts from throughout the course of this litigation, the Ohio Supreme Court does not exercise jurisdiction on appeal over issues that could have been but were not litigated before. To put it another way, the only issues which Petitioner could have raised at that point were any errors in the trial court's denial of his motion to set aside judgment. Petitioner has not shown any excusing cause for his failure to appeal to the Ohio Supreme Court when he had the opportunity to do so before each time the Second District did not grant relief.

Respondent's procedural default defense is well taken. The Petition should be dismissed with prejudice on that basis as well.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 12, 2025.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report

and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.