# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WILLIAM H. CLARK,

       Petitioner,    :        Case No. 3:25-cv-00002

  - vs -                              District Judge Thomas M. Rose
                                         Magistrate Judge Michael R. Merz

WARDEN,

  Chillicothe Correctional Institution,

                                  :
       Respondent.

**ENTRY AND ORDER ADOPTING THE REPORT AND RECOMMENDATIONS (DOC. NO. 16); OVERRULING PETITIONER'S MOTION IN OPPOSITION TO REPORT AND RECOMMENDATION (DOC. NO. 17); AND, DISMISSING THE PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (DOC. NO. 1)**

This habeas corpus case, brought *pro se* by petitioner William Clark to obtain relief from his conviction in the Darke County Court of Common Pleas on five counts of sexual battery, is before the Court on Petitioner's Objections (Doc. No. 17) to the Magistrate Judge's Report and Recommendations (Doc. No. 16) recommending dismissal.  Pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b), the Court has reviewed the Report *de novo* with particular attention to those issues on which the Petitioner has objected.

The Respondent Warden asserted that merits review of Petitioner's claims was barred both by the statute of limitations in 28 U.S.C. § 2244(d) and by Petitioner's procedural default in presenting his claims to the Supreme Court of Ohio.  The Magistrate Judge accepted both of these arguments and recommended the Petition be dismissed.

1

Petitioner objects that he "will point to the newly discovered evidence as submitted on January 5, 2024, in accordance with 28 U. S. C. §2254(d)(2)." (Objections, Doc. No. 17, PageID 621.) On that date Petitioner filed his Motion to Set Aside Judgment in the Darke County Court of Common Pleas (State Court Record, Doc. No. 11, Ex. 36.) In the Motion, which he asserted was authorized under Ohio Revised Code § 2953.21, Petitioner claimed that his *Alford* plea was coerced and that his petition was timely based on new evidence which he said was attached. He asserted that the new evidence entitled him to relief under 28 U.S.C. 2254(d)(2) because they showed the conviction was based on an unreasonable determination of the facts. *Id.*

Clark attached his own Affidavit which claims "On November 16, 2023, I received newly discovered evidence that was not available that concurs [sic] my innocence." *Id.* Attached to Clark's Affidavit is the purported affidavit of Rachel Duncan who claims that at some undisclosed time the complaining witness in this case, Duncan's daughter-in-law Jessica Clark, told Duncan that

> nothing really happened. "I made the whole thing up." Obviously concerned that a innocent person was wrongfully imprisoned I inquired again in front of her mother, Heather Clark, and she reiterated "it never happened."

(State Court Record, Doc. No. 11, PageID 444).

Judge Fliehman promptly denied this Motion, finding

> In the prior proceedings, the Defendant submitted an Affidavit of Heather Clark indicating that the victim, Jessica Clark, stated as early as November 2014 that she falsely accused William Clark. The Court of Appeals stated: "We agree with the trial court that the victim's alleged recantation ... was within Clark's knowledge prior to his plea." *State v. Clark*, 2nd Dist. Darke No. 2017-CA-14, 2018-Ohio-4042, ¶ 45. "In other words, his petition was barred by res judicata because it was not based on evidence outside his knowledge when he entered his *Alford* plea." *Id*. at r 47.
> . . .

2

> Here, no "new evidence" is presented, only a new affiant presenting practically identical hearsay. The recanting of the allegations by the victim was the subject matter of the prior petition for post-conviction relief. This Court and the Second District Court of Appeals previously considered Defendant's argument and assertion of "new evidence" and properly ruled on the matter. Therefore, the claim in Defendant's most recent Motion is barred by res judicata.

(Judgment Entry, State Court Record, Doc. No. 11, Ex. 39).

This Court is bound by the findings of fact of the Ohio courts that Clark knew of Jessica's purported recantation before entering his *Alford* plea. Because he failed to raise this issue in his direct appeal, it is barred by Ohio's *res judicata* doctrine from being raised in collateral proceedings and that bar has actually been applied to him in denying his original post-conviction petition and then his motion to vacate judgment. Moreover, her recantation cannot be considered in applying 28 U.S.C. § 2254(d)(2) because it was not in the appellate record on direct review. *Cullen v. Pinholster,* 563 U.S. 170 (2011). *Pinholster* bars a federal court "from admitting new evidence upon which to assess the reasonableness of a state court's constitutional analysis." *Upshaw v. Stephenson*, 97 F. 4th 365, 372 (6th Cir. 2024), quoting *Mitchell v. Genovese*, 974 F.3d 638, 647 (6th Cir. 2020). It is certainly not new evidence of the type and quality required to prove entitlement to the "actual innocence gateway" under *Schlup v. Delo*, 513 U.S. 298, 319 (1995).

Accordingly, the Magistrate Judge's Report and Recommendations (Doc. No. 16) is **ADOPTED** and Petitioner's Motion in Opposition to Report and Recommendation (Doc. No. 17) is hereby **OVERRULED**. The Court further **DISMISSES** Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) **WITH PREJUDICE** and directs the Clerk to **TERMINATE** this action on the Court's docket. Because reasonable jurists would not disagree with this conclusion, Petitioner is **DENIED** a certificate of appealability and the Court **CERTIFIES** to the Sixth Circuit that any appeal would be objectively frivolous and

3

should not be permitted to proceed *in forma pauperis*.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, January 12, 2026.

                                                    s/Thomas M. Rose
                                        _____
                                                    THOMAS M. ROSE
                                        UNITED STATES DISTRICT JUDGE